UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:06CV392 CDP |
| ) | |
| SOUTH IRON R-1 SCHOOL ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Defendants seek a stay of discovery and all other matters in this case pending the decision of their interlocutory appeal. After fully considering all the arguments, I conclude that there is no just reason for a stay, and that granting a stay will needlessly delay the ultimate resolution of this case. The claims in the plaintiffs' amended complaint will have to be determined regardless of the resolution of the preliminary injunction issue. The plaintiffs are entitled to take discovery on the claims. The discovery plaintiffs wish to take is neither extensive nor burdensome, and it is discovery that will have to be taken regardless of the Eighth Circuit's ruling. No just purpose will be served by delaying this discovery.

Defendants argue that they will be prejudiced, but most of the arguments in their briefs relate to claims of prejudice from the injunction itself, but the requested

stay would not relieve that alleged prejudice in any way.

Defendants argue that it would be wasteful to take discovery when the legal rules governing the claims may change with later rulings in the case. That is what happens in every case, and there is nothing unusual here. Discovery is to be discovery of *facts* – the *facts* are what they are, and they certainly should not change based on whether the Court of Appeals agrees with my legal reasoning. At the hearing defense counsel clarified that part of the reason for the request is that defendants do not believe they should have to answer questions regarding their actions and why they took the actions they took in the case. But in almost every lawsuit the actions defendants took and their reasons for taking those actions are relevant and discoverable, and this case is no different.

To the extent that the defendants are arguing that the First Amendment provides some sort of privilege that a public official can invoke to avoid testifying about why he took an official action, defendants simply have no authority for the argument, and I cannot imagine that the Eighth Circuit would recognize that sort of new and specific testimonial privilege. These are legitimate questions for discovery, whether my preliminary injunction was proper or improper. The case will remain in some form even after the Court of Appeals decides the interlocutory appeal, the discovery must be taken, and it is appropriate to take it now, while the events are

fresh in the witnesses' memories.

Under the briefing schedule that has already been set by the Court of Appeals, the case will be briefed and ready for submission by the end of this year. The Court of Appeals is usually very prompt in deciding interlocutory appeals, and I do not expect that there will be any lengthy delays, especially if the lawyers in the case do not ask for delay.

This case has already been delayed for several months because defendants did not respond to the complaint in the time required by the federal rules. While I realize they were probably seeking legal advice – my assumption is based on the late entry of counsel who specialize in this type of case – that is a problem faced by all defendants who are sued. And while the case could have been moved along more quickly had plaintiffs sought a default judgment as soon as the rules allowed, plaintiffs should not be penalized for wanting this case to be resolved on the merits, rather than through taking a default judgment.

We have established a schedule that is reasonable. Plaintiffs seek a limited amount of discovery. The parties clarified at the hearing that no expert witnesses are contemplated, and this is not a case that will require massive searches of business records over many years. The witnesses in this case, on both sides, should be required to provide their testimony on all issues while the events are relatively

fresh in their minds, and this case should proceed to resolution as quickly as reasonably possible.

For all the above reasons and those stated on the record at the hearing today,

**IT IS HEREBY ORDERED** that defendants' motion to stay [#44] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2006.