UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|   vs. | )   Case No. 4:06CV392 CDP |
| | ) |
| SOUTH IRON R-1 SCHOOL DISTRICT et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs bring this suit to challenge the South Iron R-1 School District's policy of allowing Gideons to pass out Bibles to fifth grade students during class time and on school property. Preliminary injunctive relief was granted to plaintiffs and the parties have completed discovery. Now plaintiffs seek to dismiss plaintiff Jane Doe from this case and add a new plaintiff, Lonney Roark. Jane Doe has moved and her children are no longer attending school at South Iron R-1 School. Without Jane Doe, plaintiffs have no party representative who has children who have not yet reached the fifth grade at South Iron. The other party plaintiffs have children who are older and have already received Bibles at South Iron. Lonney Roark is the parent of two children who attend South Iron and have not yet reached fifth grade.

Defendants argue that allowing plaintiff to amend and add a party will greatly prejudice them in that they will have to re-open discovery at a time when their lead counsel is on an extended leave of absence and they have only a month before the deadline for dispositive motions. Plaintiffs argue that no new discovery will be needed if Roark is added as a plaintiff, but if defendants want to depose Roark, he can be available by phone or in person.

The Federal Rules of Civil Procedure allow for liberal amendment of pleadings as justice so requires. Fed. R. Civ. P. 15(a). Defendants cite an opinion from the Eastern District of Texas in support of their argument against the addition of the new plaintiff. See In re Norplant Contraceptive Products Liability Litigation, 163 F.R.D. 258 (E.D. Tex. 1995). The circumstances which lead the court to deny plaintiff's motion to add a party in that case are easily distinguishable. In Norplant, the parties had already completed a complex discovery schedule and filed briefs on the matter of class certification when the plaintiffs sought leave to add plaintiffs. For discovery on class certification, defendants were allowed to chose which named plaintiffs they wished to depose. The court felt that adding new plaintiffs, after the completion of the class certification discovery, unduly prejudiced defendants because the additional named plaintiffs were not available to defendants when they made their decision on who to depose.

Unlike <u>Norplant</u>, this case is not a class action and does not involve extensive discovery.  Although the parties to this case have already conducted discovery, allowing substitution of one party plaintiff does not make that discovery meaningless or futile.  The new plaintiff is similarly situated to the previous Jane Doe plaintiff.  School records can confirm the attendance and grade level of Roark's children at South Iron.  Defendants state that discovery must be re-opened, but they detail no additional discovery that will be required by this change in named plaintiffs.  As discussed in my September 29, 2006, order in this case, the discovery required for this suit is minimal with no experts and no massive business record searches.  Additionally, it would be a waste of judicial resources to require Lonney Roark to bring a separate suit against defendants.  For these reasons, I find that justice requires allowing plaintiffs to amend their complaint and that defendants suffer no undue prejudice as a result.  Plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to substitute party plaintiff [#63] is granted.  Plaintiff Jane Doe is dismissed and the Clerk shall add Lonney Roark as a plaintiff.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2007.