UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNY ROARK, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:06CV392   CDP |
| SOUTH IRON R-1 SCHOOL DISTRICT, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

On March 10, 2008 I entered judgment and a permanent injunction in favor of plaintiffs. Plaintiffs have now filed a bill of costs and a motion for attorney's fees under the Civil Rights Attorney's Fees Act of 1975, 42 U.S.C. § 1988(b). Defendants objected to certain of plaintiffs' claimed costs, and plaintiffs agreed those costs had been paid, so the parties are now in agreement that the sum of $370.50 should be taxed as costs.

The parties continue to disagree about the appropriate amount of attorney's fees. Defendants argue that plaintiffs did not really prevail on all of their claims, and they object to the reasonableness of the hours, the hourly rates, and the plaintiffs' request for an enhanced fee. After a careful examination of the record and case law, I will grant plaintiffs' request for attorneys fees based on the

lodestar, but I will not grant the enhancement they seek.

## Discussion

As the prevailing parties in a civil rights action, plaintiffs are entitled to "reasonable" attorney's fees under § 1988. Defendants' argument that plaintiffs did not completely prevail is incorrect, as plaintiffs obtained the full relief that they sought. Their dismissal of alternative theories does not limit the fact that they are fully prevailing parties.

In order to determine the amount of a reasonable fee, I should employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Once I have determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1] Id. at 434; see also City of Riverside v. Rivera, 477 U.S. 561, 568 n. 3 (1986).

I have carefully reviewed the hours expended and believe that they are

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. Johnson v. Georgia Highway Express, 488 F.2d 714, 171 (5th cir. 1974).

reasonable in all respects. The amount of time spent on various tasks was appropriate, and there was not any unreasonable duplication of effort. I also believe that, under the circumstances of this case, allowing fees for the time spent in preparing the fee application is appropriate.

Additionally, the hourly rates charged are reasonable for the St. Louis community. Plaintiffs were not required to hire Iron County lawyers to prosecute this action in the St. Louis federal court, and there may well be many reasons they chose not to do so. Given the nature of the case, lawyers in the local community might be hesitant to bring such a suit for fear that public opinion against the suit (as demonstrated by the actions of the elected school board) could cause harm to local lawyers' practice. Additionally, there are very few lawyers from the Iron County area who are members of the federal bar for this district, and it is reasonable to assume that there are even fewer who are First Amendment experts. It was reasonable for the plaintiffs to look to the ACLU and St. Louis lawyers to bring this suit.

The rates charged by plaintiffs' lawyers are similar to, or lower than, rates charged by other attorneys in the St. Louis area. Attorney's fees awarded under § 1988 should be "based on the market rate for the services rendered." Missouri v. Jenkins, 491 U.S. 274, at 283 (1989). I recently approved an hourly rate of $350

in an employment case involving the exercise of First Amendment rights. Balaban v. Lincoln County Ambulance District, No. 4:06CV1268CDP. Defendants' reliance on Judge Sippel's reduction of the hourly rate sought in Cobb v. Bayshore Management, LLC, 2007 WL 1760743 (E.D. Mo. June 14, 2007) is misplaced. As defendants in that case pointed out in their opposition, the lawyer seeking fees there had such a bad reputation at the time of suit that it would be expected that he would charge fees *lower* than those charged by other lawyers for similar work.[2] None of those issues are present here, and plaintiffs have shown that the rates they charged are reasonable when considered in comparison to other lawyers of similar experience practicing in the St. Louis area.

    I have also considered each of the other relevant factors and find no reason to enhance or detract from the lodestar in this case. Although plaintiffs argue that an enhancement is appropriate given the complexity of the case and the defendants' changing strategy, I believe these factors are adequately encompassed by the lodestar. The only Johnson factor that might justify an enhancement is the "undesireability" of the case. As noted above, I can understand why many lawyers

---

[2]Counsel on both sides here did an excellent job, and none of them should ever be compared to the lawyer in Cobb, who, in addition to having the reputation problems pointed out by defendants in that case, has since been charged with unrelated crimes and is facing disbarment proceedings.

might not want to get involved in a case that might lead to their being considered anti-religious or anti-bible. But taking cases like this is part of the ACLU's stated mission, and so there is no reason that their normal fees should be enhanced because of this factor.

Having considered the arguments of the parties and facts and circumstances of this case, I will grant an award of attorneys fees of $70,637.60, which consists of fees in the lodestar amount of $68,353.50 and non-taxable expenses in the amount of $2274.10. Taxable costs in the agreed amount of $370.50 are also awarded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a bill of costs [#104] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $370.50.

**IT IS FURTHER ORDERED** that plaintiffs' motion for attorneys fees [#105] is granted in the total amount of $ $70,637.60.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27thday of May, 2008.

- 5 -